The action was sought to be maintained by indirect or circumstantial proof. Whether the evidence was sufficient to carry the case to the jury was not made a question; and the jury found against the defendant. The legal questions open for discussion in this court arise on the charge of the judge.
The judge, among other things, charged that if the jury were satisfied from the testimony that there existed any ill-feeling on the part of the defendant towards the plaintiff, that was a circumstance to be taken into the account, in determining whether the defendant was guilty of the assault charged. To this then there was a general exception, raising merely the question whether ill-feeling on the part of the defendant towards the plaintiff was a fact admissible, in connection with other facts, to prove, or from which the jury might infer, that he committed the assault. It did not raise the question whether there was any or enough testimony on the point of ill-feeling to go the jury. It is now urged that if the fact were in its nature admissible, there was no evidence whatever of ill-feeling, or anything from which the jury could be authorized to infer it, and hence, in this respect, it was error in the court *Page 33 
to submit the question. This objection, however, comes too late. The sufficiency of the proof of ill-feeling between the parties was not made a question on the trial; and we are not to assume that the Case, as made up, contains all the testimony on that subject. As a legal proposition, therefore, is it competent for a jury, in an action of assault and battery, sought to be maintained by circumstantial proof, to base their finding of the main issue, in any degree, upon the fact that ill-will existed on the part of the party charged towards the party alleged to have been assaulted? It is conceded that the fact of ill-will might be competent upon any question as to the intention with which an act was done. I am inclined also to the conclusion that where the act is one of personal violence, ill-feeling or animosity existing on the part of the person charged towards the one assaulted is not, in all cases, an immaterial circumstance, and to be excluded from the consideration of the jury. When an assault is proved to have been committed by some one, and the person charged is shown to have had the opportunity to commit it, it can scarcely be regarded as an immaterial circumstance for the consideration of the jury, with the view of connecting him with the act, that he was maliciously disposed towards the person assaulted. In criminal cases, the existence of ill-feeling or unlawful passion on the part of the accused has been regarded as a proper circumstance to be taken into consideration as bearing on the question of the connection of the accused with the commission of the wrong. It may be admitted that the fact of the existence of ill-feeling, of itself proves nothing: but that is not the inquiry. The point is, whether it is a fact, in connection with others, that the jury may rightly consider in inferring the alleged fact. Ordinarily, I think, where the charge is of personal violence, depending for its establishment on circumstantial evidence, the ill-will of the party charged may properly be made one of the circumstances; but from its peculiar relation to and connection with the other circumstances proved in the case under consideration I cannot doubt its propriety. The plaintiff was injured whilst the defendant was *Page 34 
alone with her. The circumstances proved would have warranted the inference that the defendant seized and wrenched her arm. But he was her brother: and it was neither impossible nor very improbable that the injury was accidental or unintentional. Indeed, such an hypothesis would sooner be indulged than that a brother, without any ill-will towards her, had intentionally inflicted violence on her person. But add to the circumstances the fact that there existed ill-feeling on the part of the defendant towards the plaintiff and the case assumes a different aspect. Whereas, before, the jury may have been bewildered by the absence of motive to do an intentional wrong, now it is made to appear. The ill-will did not tend to prove the act of seizure of the arm, but it aided to determine its character and legal effect.
Evidence had been given of an interview at the plaintiff's house, some two months after the alleged battery, between the plaintiff and the defendant, in which she charged upon him the commission of the injury. The evidence left some doubt whether the charge being made and denied was repeated on the same or another occasion, and in the presence of different parties. Two witnesses on the part of the plaintiff testified to the charge being made, to which the defendant gave no denial. Two other witnesses on the part of the defendant testified to the making of the charge, and that it was followed by an instant and explicit denial by the defendant. In speaking of the occurrence at the plaintiff's house, the judge instructed the jury that if the plaintiff charged the defendant on that occasion with committing the assault, and he at the same time denied it, then it furnished no evidence against him; but if he remained silent when so charged, the jury might regard it as an admission that he was guilty, or give it such weight as they thought it entitled to; that there were some doubts from the evidence, whether the charge, after it had been once made and denied, was repeated on that occasion; and if it was repeated, whether the defendant then remained silent. To these instructions no exception was taken. The judge then explained the nature and principles of such evidence, and stated to the jury on this *Page 35 
part of the case, that they would not probably conclude that the defendant, after he had once emphatically denied the accusation, was called upon to deny it again if repeated; but the court would leave it to the jury to give such weight to his silence when the charge was repeated, if it was repeated, as they thought it entitled to under the rules which had been stated as to the effect of remaining silent. To this part of the charge the defendant excepted. The exception can only raise the question, whether in view of the evidence in the case, it was error to leave it to the jury to give such weight to the defendant's silence, if they found the charge to have been repeated after once being emphatically denied, as they thought it entitled to under the rules which had been stated as to the effect of remaining silent. This was not error, unless the judge was called upon to charge, as a legal proposition, under the proof in the case, that the defendant's silence, on a repetition of the charge, after having once denied it, furnished no evidence against him. Undoubtedly, if a party, in a given interview and conversation, is repeatedly charged with the commission of an act, and he denies it unequivocally once, he is not called upon to repeat the denial in order to avoid the inference of an admission of its truth against him; but if the charge be made at distinct times and under different circumstances, and in the presence of different persons, though he may have denied it at one time, his silence under accusation at another time, and under other circumstances, is a proper circumstance to be weighed by the jury. At least, the court is not called upon to instruct the jury, as matter of law, that they are to infer nothing against him from his silence. In this case, the evidence would have justified the jury in finding that the charge was made and denied in the presence of Warner and Spencer, about the commencement of the appraisal, and some three-quarters of an hour before Tripp and Jewett came in, and that the conversation had ceased before the latter arrived; and that after the arrival of Tripp and Jewett, the charge was repeated in their presence. As a matter of fact, therefore, there were two distinct conversations, in the presence of different persons and *Page 36 
under different circumstances, though on the same day, in which the charge was made. I am very clear, that had the judge instructed the jury, as matter of law, that they were to give no weight to the silence of the defendant when the charge was made in the presence of Tripp and Jewett, because it had been fully and distinctly denied in a prior conversation, and substantially a different interview, that it would have been error.
The judgment of the Supreme Court should be affirmed.
SELDEN, J., expressed no opinion; all the other judges concurring,
Judgment affirmed.